# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) )  )  CIVIL ACTION NO. |
| Plaintiff, | ) ) |
| v. | )  )  COMPLAINT |
| STOCK BUILDING SUPPLY f/k/a CAROLINA HOLDINGS, INC. d/b/a STUART LUMBER CO., | ) )  )  ) |
| Defendant. | )  JURY TRIAL DEMANDED )  INJUNCTIVE RELIEF SOUGHT ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Louis Schley who was adversely affected by such practices. As stated with greater particularity in paragraph 7, the Commission alleges that Defendant, Stock Building Supply f/k/a Carolina Holding, Inc. d/b/a Stuart Lumber Co ("Stock Building Supply") subjected Mr. Schley to disparate treatment based on his race, Black, with respect to his salary when it denied him the salary increase associated with his promotion while giving non-Black employees salary increases upon their promotions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Ft. Myers Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Stock Building Supply, Inc. f/k/a Carolina Holdings, Inc. d/b/a Stuart Lumber Co., a North Carolina corporation, has continuously been doing business in the State of Florida and the City of Ft. Myers, and has continuously had at least 15 employees.

5. At all relevant times Stock Building Supply, Inc. f/k/a Carolina Holdings, Inc. d/b/a Stuart Lumber Co. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Louis Schley filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August of 2001, Defendant Employer engaged in unlawful employment practices at its Fort Myers, Florida location in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

    a. Defendant hired Mr. Schley in July of 1999.

    b. In August of 2001, Defendant informed Mr. Schley that he was being

promoted to the position of Rebar Production Manager and that such promotion involved a wage increase. Subsequently, Defendant announced to the Rebar Department that Mr. Schley would be replacing Robert J. Dunn the previous Rebar Production Manager.

    c.    Mr. Schley assumed the position of Rebar Production Manager and performed the job duties and responsibilities of that position.

    c.    By March of 2002 Mr. Schley still had not received the pay increase commensurate with his promotion. He repeatedly informed Defendant that the wage increase was not reflected in his pay.

    d.    Defendant continued to promise Mr. Schley the increase in wages.

    e.    From the time of his promotion to Rebar Production Manager through to his separation from Defendant's employ, Defendant never paid Mr. Schley the salary increase associated with his promotion.

    f.    Upon promoting other, non-Black employees, and increasing their job duties and responsibilities, Defendant gave such employees the wage increases associated with their promotions.

8. The effect of the conduct complained of in paragraph 7 above has been to deprive Mr. Schley of equal employment opportunities and otherwise adversely affect his status as an employee.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Mr. Schley.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in disparate treatment based on race with respect to wages.

B. Order Defendant, to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black individuals, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant to make whole Louis Schley by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Louis Schley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including out of pocket losses in amounts to be determined at trial.

E. Order Defendant to make whole Louis Schley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Louis Schley punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

ERIC S. DRIEBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

MICHAEL J. FARRELL
Supervisory Trial Attorney

_____
Jennifer S. Brown
Trial Attorney
Florida Bar. No. 532231
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2700
Miami, Florida 33131
Phone: (305) 530-6012
Fax: (305) 536-4494