UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

vs.                              Case No.   2:05-cv-306-FtM-29DNF

STOCK BUILDING SUPPLY, INC.,
formerly known as Carolina Holdings,
Inc., doing business as Stuart
Lumber Co.,

                Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant Stock Building Supply, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #14) filed on November 10, 2005. Plaintiff United States Equal Employment Opportunity Commissioner (plaintiff or the EEOC) filed its Response on December 8, 2005.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014,

1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is nonetheless warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**II.**

The Complaint (Doc. #1) sets forth the following facts: Louis Schley (Schley), an African American male, was hired by defendant Stock Building Supply f/k/a Carolina Holdings, Inc., d/b/a Stuart Lumber Co. (defendant or Stock Building) in July, 1999. In August, 2001, Stock Building informed Schley that he was being promoted to Rebar Production Manager, which involved a wage increase. Schley assumed the position, and performed the job duties and

responsibilities. By March, 2002, Schley had not received the pay increase commensurate with his promotion, despite repeatedly advising defendant that the wage increase was not reflected in his pay. Schley never received the pay increase in his wages, although non-black employees who were promoted received wage increases associated with their promotions.

On February 26, 2003, the EEOC Commissioner filed a discrimination charge against defendant pursuant to § 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (the Charge of Discrimination[1]). In the Charge of Discrimination, the EEOC asserted that defendant discriminated against Schley by denying him a wage increase commensurate with the managerial position and denying him the same terms and conditions of employment that other similarly-situated non-African American employees enjoyed.

---

[1]Ordinarily, exhibits would not be part of the record under review for a dismissal under Federal Rule of Civil Procedure 12(b)(6) unless they were attached to the Complaint. See Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999). However, a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute. See, e.g., Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Because the Charge of Discrimination attached as Exhibit A to each of the briefs is undisputed and its subject matter is otherwise directly referenced in the Complaint, the Court may properly rule on the Motion to Dismiss. Harris, 182 F.3d at 802, n.2.

On July 1, 2005, the EEOC filed a complaint in federal court pursuant to § 706, 42 U.S.C. § 2000e-5(l), alleging that defendant violated Title VII through intentional disparate treatment discrimination resulting from defendant's unlawful employment practices.

**III**.

Defendant argues that plaintiff's claim is time-barred because Schley failed to file a timely charge with the EEOC. Defendant asserts that the "alleged discrete discriminatory pay action first occurred in August 2001 and which resulted in Schley's failure to receive any subsequent pay increases." (Doc. #15-1, p. 5). Additionally, defendant argues that any subsequent pay injuries relate back to the first occurrence in August 2001. Because Schley filed his charge with the EEOC in February 2003, defendant contends that Schley's filing occurred beyond the prescribed 300-day limitations period, which expired on June 27, 2002, at the latest. Consequently, plaintiff is barred from bringing its claim.

Plaintiff responds that "[d]efendant made a 'discrete' violation of Title VII every time defendant paid [] Schley less than similarly situated non Black employees." (Doc. #20-1, p. 3). Plaintiff argues that the discrimination constituted a continuing violation, which extended the limitations period beyond June 27, 2002. Specifically, plaintiff asserts that the trigger date was the date of the most recent pay period prior to February 26, 2003.

Title VII requires, "in a deferral state such as Florida, [that the complaint with the EEOC] must be filed within 300 days of the last discriminatory act." Equal Employment Opportunity Comm'n v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002)(citing 42 U.S.C. § 2000e-5(e)(1)). Only those practices that occurred within 300 days of the operative EEOC charge can form the basis for Title VII liability. Ledbetter v. Goodyear Tire and Rubber Co., 421 F.3d 1169, 1178 (11th Cir. 2005).

In the context of pay claims of the type in this Complaint, three cases are important. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Ledbetter v. Goodyear Tire and Rubber Co., 421 F.3d 1169 (11th Cir. 2005); and Calloway v. Partners Nat'l Health Plans, 986 F.2d 446 (11th Cir. 1993). The bottom line in this case is that there are insufficient facts currently available to the Court upon which to resolve the issue of timeliness. For instance, plaintiff asserts he repeatedly informed defendant that the pay increase was not reflected in his paycheck, and this may create the kind of affirmative decision by defendant which limits how far back plaintiff can reach under Calloway. Accordingly, defendant has not satisfied the requirements of a motion to dismiss, and the motion will be denied.

Accordingly, it is now

**ORDERED:**

Defendant Stock Building Supply, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #14) is **DENIED**. Defendant shall file an answer within **TEN (10) DAYS** of this Order.

DONE AND ORDERED at Fort Myers, Florida, this  27th  day of February, 2006.

_____
JOHN E. STEELE
United States District Judge